IN THE DISTRICT COURT OF KINGFISHER COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1) JOHN DOE NO. 1, | § § § | |
| Plaintiff, | § | |
| v. | § | CASE NO: CJ-2021-69 |
| | § | |
| 1) KINGFISHER INDEPENDENT SCHOOL DISTRICT NO. 7 OF KINGFISHER COUNTY, OKLAHOMA, a/k/a KINGFISHER SCHOOL DISTRICT, a/k/a KINGFISHER PUBLIC SCHOOLS; | § § § § § | Jury Trial Demanded  Attorney's Lien Claimed |
| 2) JEFF MYERS; | § | |
| 3) MICAH NALL; | § | |
| 4) DEREK PATTERSON; and, | § | |
| 5) BLAKE EATON, | § § | |
| Defendants. | § | |

Kingfisher County Oklahoma
**FILED**
JUL 29 2021
LISA MARKUS, COURT CLERK
BY_____ DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW the Plaintiff, John Doe No. 1[1], by and through his attorney of record, Cameron Spradling of Cameron Spradling, PLLC, and for his Original Petition against the Defendants aver and state as follows:

### PART ONE – INTRODUCTORY STATEMENT & APPLICABLE LAW

1. This is a lawsuit about hazing. Hazing that rose to the level of torture.

2. The Kingfisher High School football program has a long history of hazing its new members of the team.

3. The Kingfisher High School football team employed a practice of hazing new members of the team. This hazing was well-known throughout the team, school administration, and athletic coaches.

---

[1] "John Doe" is a fictitious name. This Court will be presented with a Motion to Proceed Under Alias allowing the Plaintiff to proceed under an alias due to the sensitive nature of the allegations. The identifier as "No. 1" is necessary because there are multiple victims as a result of the acts and omissions of the Kingfisher School District and the wrongdoings of its football coaching staff.

EXHIBIT 1

4. Coaches of the Kingfisher High School football team knew of the history of hazing incidents and administrators of Kingfisher Public Schools knew, or should have known, of the history of hazing incidents involving members of the football program.

5. Specifically, coaches of the Kingfisher High School football program encouraged and utilized hazing as a method to weed out the weak; push players to quit the football program; and punish those that the coaches perceived as recalcitrant. Furthermore, the football coaches of Kingfisher High School encouraged and utilized hazing on those players considered possibly worthy of the Kingfisher football program to "toughen them up", "make them a dirt bags", "make them mean" and "turn them into bullies".

6. In allowing these football coaches to build what was perceived in the community as a successful football program, Kingfisher Public Schools abandoned its duties to its male student athletes, who were the members of the football program.

7. The highest duty of a public education entity (such as Kingfisher Public Schools) is to ensure the safety and well-being of students attending school.[2]

8. A school district's board of education, along with the superintendent it employs and its chief executive officer, bears the ultimate local responsibility for the district's schools and all their employees.[3]

9. Football coaches at Kingfisher High School hold valid Oklahoma teaching certificates and/or held these teaching certificates at the time injuries were inflicted upon the Plaintiff and others.

10. Kingfisher football coaches are foremost teachers; both figuratively and literally.

---

[2] *See* Joy Hofmeister, State Superintendent of Public Education, *Oologah-Talala Public Schools, Probation and Reprimand,* Page 2, OKLAHOMA STATE BOARD OF EDUCATION (July 21, 2020).
[3] *Id.,* Page 3.

2

11. The Oklahoma Administrative Procedures Act ("OAC"), 75 O.S. § 250 *et. seq.*, governs the Oklahoma State Board of Education's administrative actions relating to teacher's disciplinary matters. *See* 75 O.S. § 250.3(3).

12. Oklahoma law and the Oklahoma State Board of Education rules provide that a certificate shall be revoked for a "willful violation of a rule or regulation of the State Board of Education, a willful violation of any …state law …or other proper cause." *See* 75 O.S. § 6-189(F); *see also* OAC 210:1-5-6(b).

13. "Rules and regulations enacted by administrative agencies and boards pursuant to the powers delegated to them have the force and effect of law." *Cox v. Dawson*, 1996 OK 11, 911 P.2d 272, 280. "Rules and regulations enacted by administrative agencies pursuant to the powers delegated to them have the force and effect of law and are presumed to be reasonable and valid." *Toxic Waste Impact Group, Inc. v. Leavitt*, 1988 OK 20, 755 P.2d 626, 630.

14. "Teachers are charged with the education of the youth of this State. In order to perform effectively, teachers must demonstrate a belief in the worth and dignity of each human being…" *See* OAC 210:20-29-1(b).

15. Through their conduct, teachers must demonstrate respect of their students, a responsibility that is inherent in the profession. *See* OAC 210:20-29-2.

16. In addition, a teacher shall "strive to help each student realize his or her potential as a worthy member of society." *See* OAC 210:20-29-3. In fact, in fulfillment of the obligations to the student, a teacher shall:

> a. make reasonable effort to protect the student from conditions harmful to learning or to health and safety.
>
> b. not intentionally expose the student to embarrassment or disparagement.

*See* OAC 210:20-29-3.

3

17.     OAC 210:20-29-4(a), provides, "[t]he teaching profession is vested by the public with a trust and responsibility requiring the highest ideals of professional service."

18.     It has been held by Oklahoma courts that "a teacher…in the public school system is regarded by the public and pupils in the light of an exemplar, whose words and actions are likely to be followed by the children coming under [his] care and protection." *Vaughn v. Board of Bar Examiners for the Oklahoma Bar Association,* 1988 OK 87, 759 P.2d 1026, 1030. The teaching profession, not unlike the legal profession, imposes a code of ethics upon its members.

19.     As will be revealed at the courtroom trial of this lawsuit, the conduct of the Kingfisher football coaches, named as individual Defendants herein, was outrageous and amounted to an intentional infliction of emotional distress upon this Plaintiff and many others.

20.     Oklahoma first adopted the tort of intentional infliction of emotional distress, also known as the tort of outrage, in *Breeden v. League Services Corp.,* 1978 OK 27, 575 P.2d 1374. The tort is governed by the standards of the Restatement (Second) of Torts § 46. *Id.* The tort requires evidence of extreme and outrageous conduct coupled with severe emotional distress. *Gaylord Entertainment Co. v. Thompson,* 1998 OK 30, ¶ 45, 958 P.2d 128, 149. To recover damages for intentional infliction of emotional distress, a plaintiff must prove: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *See Computer Publications, Inc. v. Welton,* 2020 OK 50, 49 P.3d 732.

21.     Plaintiff will prove each of these elements of the "tort of outrage" with ease.

### PART TWO - PARTIES, JURISDICTION AND VENUE

22.     At all relevant times pertinent hereto, Plaintiff, John Doe No. 1, was a citizen of the State of Oklahoma and a resident of Kingfisher County, Oklahoma. Plaintiff attended Kingfisher

High School his freshman, sophomore, junior and senior years. Plaintiff was a member of the Kingfisher High School football program each of these four (4) years and endured hazing, physical assault and battery; and torture during these four (4) years. Plaintiff graduated from Kingfisher High School in 2021. On the date of the filing of "Plaintiff's Original Petition" John Doe No. 1 is eighteen (18) years of age. Plaintiff therefore can personally bring this lawsuit as late as one (1) year after attaining majority status. Majority status is attained when a person reaches the age eighteen (18) years:

> *If a person entitled to bring an action…be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed.*
>
> See 12 O.S. § 96.
>
> *Minors, except as otherwise provided by law, are persons under eighteen (18) years of age.*
> See 15 O.S. § 13.

23.  Defendant Kingfisher Independent School District No. 7, *a/k/a* Kingfisher School District, *a/k/a* Kingfisher Public Schools ("School District") is a public educational institution located in Kingfisher County, Oklahoma. The School District is an Oklahoma school district organized and existing under the laws of the State of Oklahoma and has its principal office in Kingfisher County, Oklahoma. The School District receives federal funding and is subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 - 1688. The School District may be served with process at its principal place of business: Attn: Terry Payne, Clerk of the Kingfisher Board of Education, 602 West Chisholm Drive, Kingfisher, Oklahoma 73750.

24.  Defendant Jeff Myers ("Myers") is the head coach of the Kingfisher High School football team. Myers is entering his eighteenth (18th) season as the head coach. Myers is the shot-

caller[4] among all past and present Kingfisher assistant football coaches. On July 24, 2021 Myers achieved one of his lifetime goals when he was inducted into the Oklahoma Coaches Association Hall of Fame. At all relevant times pertinent hereto, Jeff Myers was a citizen of the State of Oklahoma and a resident of Kingfisher County, Oklahoma. Myers may be served at his place of residence or at any other place he may be properly served.

25.     Defendant Micah Nall ("Nall") was an assistant coach of the Kingfisher High School football team during a relevant time that John Doe No. 1 was a member of the football team. Micah Nall,is a citizen and resident of the State of Oklahoma. Nall may be served at his place of residence or at any other place he may be properly served.

26.     Defendant Derek Patterson ("Patterson") is an assistant coach of the Kingfisher High School football team and was an assistant coach during the relevant time that John Doe No. 1 was a member of the football team. At all relevant times hereto, Derek Patterson was a citizen of the State of Oklahoma and a resident of Kingfisher County, Oklahoma. Patterson may be served at his place of residence or at any other place he may be properly served.

27.     Defendant Blake Eaton ("Eaton") was an assistant coach of the Kingfisher High School football team during a relevant time that John Doe No. 1 was a member of the football team. Blake Eaton is a citizen and resident of the State of Oklahoma. Eaton may be served at his place of residence or at any other place he may be properly served.

28.     The District Court of Kingfisher County has subject matter and personal jurisdiction over the Defendants and venue is proper pursuant to 12 O.S. § 133, 134, 143.

29.     Finally, Kingfisher County is the most apparent venue for the initial filing of this lawsuit since the School District is a political subdivision:

---

[4] Shot-caller: *The top leader who calls the shots. The man at the top who sees all and knows all in his organization. The individual who makes all the decisions.*

6

> *Actions against all political subdivisions within the scope of this act shall be brought in the county in which the situs of the political subdivision is located or in the county in which the cause of action arose; ...*

*See* 51 O.S. § 163 (B).

## PART THREE - FACTUAL BACKGROUND

30. Plaintiff John Doe No. 1 during his four (4) years at the School District and as a member of the Kingfisher football team suffered indignities, derogations, and abuse that was both physical and mental. Upon an Order granting Plaintiff to proceed under the alias of John Doe No. 1, Plaintiff will amend this pleading and provide a detailed factual background.

31. Because of the horrors that will be revealed within this amended pleading, the factual background will be accompanied with a "trigger warning"[5], as follows:

---

**TRIGGER WARNING:
THIS DOCUMENT CONTAINS HIGHLY GRAPHIC INFORMATION
OF MENTAL AND PHYSICAL CHILD ABUSE**

---

32. The School District failed to implement and/or execute policies in regard to the reporting of misconduct to state agencies to protect its male student athletes from abuse and to end the hazing culture created by the Kingfisher football program. The inadequacy of these polices resulted in the deprivation of Plaintiff's constitutional rights.

---

[5] Trigger Warning: *A trigger warning is a statement made prior to sharing potentially disturbing content. That content might include graphic references to topics such as child abuse, physical abuse, sexual abuse, violence, and so on, and can take the form of an image, video clip, audio clip, or piece of text. Trigger warnings are meant to give people with post-traumatic stress disorder, and others who have experienced trauma, an idea of the content they're about to encounter. This is to prepare those readers to cope with a significant, possibly debilitating, emotional reaction.*

33. The Kingfisher Board of Education was and is responsible for the supervision of the School District and its teachers and employees and had control over the School District's teachers, employees, including but not limited to, its head football coach and its assistant coaches.

34. The School District should provide a safe learning environment for its students and its athletes. They failed to do so.

35. The School District failed to provide its male football team members an environment free of hazing and torture.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Violations
### Against Defendant Kingfisher School District, only

COMES NOW the Plaintiff, John Doe No. 1, and hereby adopts and includes the foregoing statements and allegations as if they were fully stated herein, and for his First Cause of Action against the School District, alleges and states that under the Fourth Amendment and the Fourteenth Amendment, Plaintiff has the right to Due Process and Equal Protection of the Law.

36. At all times relevant hereto, it was clearly established that Plaintiff had fundamental rights to physical safety and to be free from the infliction of unnecessary pain.

37. The School District was a state actor acting under the color of state law.

38. The School District denied Plaintiff his rights to Due Process and Equal Protection of the Law by:

   a. Failing to enact and implement adequate policies concerning hazing, misconduct and abuse;

   b. Failing to remove Myers, Nall, Patterson and Eaton from the coaching staff in a timely manner or at all;

8

    c. Failing to prevent male football players from being alone with those who had been tasked with inflicting pain;

    d. Failing to properly investigate the football hazing, before and after these referenced allegations;

    e. Failing to properly hire, train and supervise Myers, Nall, Patterson and Eaton;

    f. Continuing to employee Myers, Nall, Patterson and Eaton;

    g. Failing to properly and/or adequately train and supervise its other employees; and

    h. Exhibiting deliberate indifference to the misconduct directed at Plaintiff and others like him.

39. The School District has an unconstitutional custom or policy of:

    a. Failing to report criminal misconduct;

    b. Failing to investigate criminal misconduct;

    c. Discounting the credibility of the allegations; and

    d. Failing to adequately train and supervise employees with regard to the investigation and reporting of abuse of its male football members.

40. The policy is attributable to a policymaker.

41. The resulting inadequate policies and resulting failures allowed the hazing and misconduct to occur, resulting in the violation of Plaintiff's 4th Amendment rights and Plaintiff's 14th Amendment rights to Equal Protection and Due Process.

42. Hazing of male student athletes at a school is a danger.

43. An environment where male student athletes are feloniously touched, molested, and/or beaten is a dangerous environment.

44. The School District created a dangerous environment for the members of its football team, including Plaintiff.

45. The School District, as a state actor, affirmatively acted to create, or increased the Plaintiff's vulnerability to, or danger from, the misconduct of others.

46. Plaintiff was a member of a limited and specifically definable group—namely, male, football player, and student.

47. The School District created the danger or increased the Plaintiff's vulnerability to the danger by ignoring the allegations of others and not immediately ending the hazing practice within the football team.

48. The School District's conduct put Plaintiff at a substantial risk of serious, immediate and proximate harm. That risk included being abused while at the School District. Indeed, John Doe No. 1 was abused after the School District had actual notice of hazing misconduct.

49. The risk of danger was obvious or known to the School District.

50. The School District's actions and inactions created an opportunity for the hazing practice, the hazing culture and the hazing misconduct to continue unabated.

51. The School District acted recklessly in conscious disregard of that risk.

52. The School District's conduct, when viewed in total, shocks the conscience.

WHEREFORE, premises considered, Defendant School District and the failings of its officials and employees as described above resulted in Plaintiff suffering severe emotional distress and/or psychological damage and/or significant pain and suffering and/or personal humiliation. Plaintiff prays for judgment against the Defendant School District for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332 plus interest, attorney fees and costs and whatever further relief this court deems just and equitable.

## SECOND CAUSE OF ACTION.
### Intentional Infliction of Emotional Distress
### Against Defendants Jeff Myers, Micah Nall, Derek Patterson and Blake Eaton; only

COMES NOW the Plaintiff and hereby adopts and includes the foregoing statements and allegations as if they were fully stated herein, and for his Second Cause of Action, alleges and states:

53. The physical and mental abuse that was inflicted upon Plaintiff, John Doe No. 1, was done maliciously and sadistically.

54. Defendants Jeff Myers, Micah Nall, Derek Patterson and Blake Eaton's actions were extreme, outrageous and beyond the bounds of decency.

55. The actions of Defendant Myers, Nall, Patterson and Eaton were atrocious and utterly intolerable in a civilized society.

56. As a direct result of the action of Defendants Jeff Myers, Micah Nall, Derek Patterson and Blake Eaton, Plaintiff was severely traumatized beyond which a reasonable student athlete could be expected to endure.

57. Defendant Myers, Nall, Patterson and Eaton intentionally and/or recklessly caused his emotional distress.

58. The actions of Defendants Jeff Myers, Micah Nall, Derek Patterson and Blake Eaton were intentional and/or reckless with disregard for the rights of others, including the rights of Plaintiff.

59. Plaintiff, John Doe No. 1, is entitled to recover punitive damages against Defendants Jeff Myers, Micah Nall, Derek Patterson and Blake Eaton to deter them, and others similarly situated, from this behavior in the future and to punish them for their socially unacceptable behavior.

WHEREFORE Plaintiff prays for judgment against the Defendants, Jeff Myers, Micah Nall, Derek Patterson and Blake Eaton, jointly and severally, for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332, plus interest, attorney fees and costs and whatever further relief this court deems just and equitable. Additionally, if permitted under the facts of this case and by Oklahoma law, Plaintiff further prays for an award of punitive damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 United States Code §1332.

Respectfully submitted,

_(signature)_

CAMERON SPRADLING, OBA #8509
100 North Walker Avenue, Suite 140
Oklahoma City, OK 73102
Phone: (405) 605-0610
Fax: (405) 605-0615
Cameron@CameronSpradling.com

ATTORNEY FOR PLAINTIFF