# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOHN DOE NO. 1, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-22-089-G |
| (1) KINGFISHER INDEPENDENT SCHOOL DISTRICT NO. 7 OF KINGFISHER COUNTY, OKLAHOMA, a/k/a KINGFISHER SCHOOL DISTRICT, a/k/a KINGFISHER PUBLIC SCHOOLS; | ) |
| (2) JEFF MYERS, individually; | ) |
| (3) MICAH NALL, individually; | ) |
| (4) DEREK PATTERSON, individually; and; | ) |
| (5) BLAKE EATON, individually, | ) |
| Defendants. | ) |

## SCHOOL DISTRICT DEFENDANTS' ANSWER
## TO THE PLAINTIFF'S FIRST AMENDED PETITION

The Defendants, Independent School District No. 7 of Kingfisher County, Oklahoma, commonly known as the Kingfisher School District (the "Kingfisher School District," the "School District," or the "District"), Jeff Myers, in his individual capacity ("Myers"), Derek Patterson, in his individual capacity ("Patterson"), and Blake Eaton, in his individual capacity ("Eaton") (collectively referred to as the "School District Defendants") respectfully submit this answer to Plaintiff's Complaint, filed by the Plaintiff, John Doe ("Plaintiff") in the District Court of Kingfisher County, State of Oklahoma on January 12, 2022 and removed to this Court on January 31, 2022.

1. The School District Defendants deny each and every allegation contained in Plaintiff's First Amended Petition except those allegations specifically admitted. School District Defendants further assert that, despite the overlapping factual and legal claims, they are not answering on behalf of Defendant Micah Nall.

## PART ONE – THE PARTIES

2. The School District Defendants admit Plaintiff is a citizen of the State of Oklahoma and a resident of Kingfisher County, Oklahoma. The School District Defendants further admit Plaintiff attended Kingfisher High School and was a member of the Kingfisher high school football program. The School District Defendants are without sufficient information or knowledge to admit or deny the truth of the remaining allegations contained in Paragraph 1 of the First Amended Petition, and, therefore denies those allegations.

3. In response to Paragraph 2 of the First Amended Petition, the School District Defendants admit that the School District is a public body corporate and is the only entity with a legal existence capable of suing and being sued. OKLA. STAT. tit. 70, §§ 5-105 and 5-106. The School District Defendants further admit that the School District is located in Kingfisher County, Oklahoma, which is located within the federal judicial district for the Western District of Oklahoma. The School District Defendants further admit that the School District receives federal funds and is subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688. The School District Defendants deny any liability to Plaintiff as a result of these facts.

4. The School District Defendants admit that Myers is the head coach of the District's high school football team, that he has served in that capacity for eighteen seasons, and that he was a citizen of the State of Oklahoma and Kingfisher County. The School District Defendants are uncertain what the term "shot-caller," as used in Paragraph 3 of the First Amended Petition is intended to mean, and are therefore without sufficient information or knowledge to form a belief as to this allegation, and therefore denies the same. The School District Defendants deny Myers is a proper party to this litigation.

5. The School District Defendants are without sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 4, and therefore denies the same.

6. In response to Paragraph 5 of the First Amended Petition, the School District Defendants admit Patterson is an assistant coach of the high school football team. The School District Defendants further admits he served in this capacity when Plaintiff played football. The School District Defendants deny Patterson is a proper party to this litigation.

7. In response to Paragraph 6, the School District Defendants admit that Eaton was an assistant football coach during some period of time that Plaintiff was a member of the team. The School District Defendants deny Eaton is a proper party to this litigation.

## PART TWO – JURISDICTION AND VENUE

8. The School District Defendants admit that the United States District Court for the Western District of Oklahoma now has jurisdiction over this matter, as this matter has been removed to this Court on January 31, 2022. Accordingly, the District Court of Kingfisher County no longer has jurisdiction over this matter, and the School District Defendants therefore deny the remaining allegations contained in Paragraphs 7 and 8 of the First Amended Petition.

## PART THREE – FACTUAL BACKGROUND

9. The School District Defendants admit the allegations contained in Paragraphs 9 and 10 of the First Amended Petition.

10. The School District Defendants admit that Defendant Nall was employed by the District as an assistant football coach during a period of time that Plaintiff was a member of the District's football team, but deny the remaining allegations contained in Paragraph 11 of the First Amended Petition as alleged.

11. The School District Defendants admit the allegations contained in Paragraph 12 of the First Amended Petition.

12. The School District Defendants deny that allegations as alleged in Paragraph 13 of the First Amended Petition.

13. In response to Paragraphs 14, 15, 16, 17, and 18 of the First Amended Petition, the School District Defendants admit that, at all relevant times, the School District maintained a handbook with policies against bullying, hazing, and harassment,

4

including sexual harassment and assault. The School District denies any allegations that it did not maintain a Title IX policy. The School District Defendants deny the remaining allegations in Paragraphs 14, 15, 16, 17, and 18, as alleged because any School District policies or handbook speak for themselves.

14. The School District Defendants deny the allegations as alleged in Paragraphs 19, 20, 21, 22, 23, and 24 of the First Amended Petition.

15. In response to Paragraphs 25 and 26 of the First Amended Petition, the School District Defendants are without sufficient information or knowledge to admit or deny the truth of the allegations regarding the "Offending Players" contained in Paragraphs 25 and 26, and therefore, deny those allegations. The School District Defendants deny the remaining allegations contained in Paragraphs 25 and 26.

16. In response to Paragraphs 27, 28, and 29 of the First Amended Petition, the School District Defendants are without sufficient information or knowledge to admit or deny the truth of the allegations regarding the "Offending Players" contained in Paragraphs 27, 28, and 29 of the First Amended Petition, and therefore, deny those allegations. The School District Defendants deny the remaining allegations contained in Paragraphs 27, 28, and 29.

17. The School District Defendants deny the allegations as alleged in Paragraphs 30, 31, and 32 of the First Amended Petition.

18. In response to Paragraphs 33 and 34 of the First Amended Petition, the School District Defendants are without sufficient information or knowledge to admit or deny the truth of the allegations, and therefore, deny those allegations.

19. The School District Defendants deny the allegations as alleged in Paragraphs 35, 36, and 37 of the First Amended Petition.

20. The School District Defendants are without sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 38 of the First Amended Petition, and therefore deny those allegations.

21. The School District Defendants deny the allegations as alleged in Paragraphs 39, 40, 41, 42, and 43 of the First Amended Petition.

22. The School District Defendants deny the allegations as alleged in Paragraph 44 of the First Amended Petition.

23. The School District Defendants deny the allegations contained in Paragraphs 45, 46, 47, 48, and 49 of the First Amended Petition.

24. The School District Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 50 of the First Amended Petition, and therefore, deny those allegations.

25. The School District Defendants deny the allegations contained in Paragraphs 51 and 52 of the First Amended Petition.

26. The School District Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraphs 53 and 54 of the First Amended Petition, and therefore, deny those allegations.

27. The School District Defendants deny the allegations contained in Paragraphs 55, 56, 57, 58, and 59 of the First Amended Petition.

28. The School District Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraphs 60, 61, 62, 63, 64 and 65 of the First Amended Petition, and therefore, deny those allegations.

29. The School District Defendants deny the allegations contained in Paragraph 66 of the First Amended Petition.

30. The School District Defendants deny the allegations as alleged in Paragraphs 67, 68, 69, and 70 of the First Amended Petition.

31. The School District Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraphs 71 and 72 of the First Amended Petition, and therefore, deny those allegations.

32. The School District Defendants deny the allegations contained in Paragraph 73 of the First Amended Petition.

## PART FOUR – CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
### Against Defendant Kingfisher Public Schools, only

33. In response to Paragraph 74 of the First Amended Petition, the School District Defendants reallege and reincorporate all of their previous answers as if fully set forth herein. The School District Defendants deny the remaining allegations that Plaintiff was deprived of any rights under the Fifth Amendment or the Fourteenth Amended by the School District.

34. In response to Paragraphs 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, and 94 of the First Amended Petition, the School District Defendants deny the factual allegations and legal conclusions in Paragraphs 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, and 94.

35. The School District Defendants deny that the School District caused Plaintiff any harm or damages as alleged in Paragraph 95 and subparts (a) through (f) of the First Amended Petition.

**SECOND CAUSE OF ACTION**
**Violation of Title IX**
**Against Defendant Kingfisher Public Schools, only**

36. In response to Paragraph 96 of the First Amended Petition, the School District Defendants reallege and reincorporate all of their previous answers as if fully set forth herein.

37. In response to Paragraphs 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, and 107, of the First Amended Petition, the School District Defendants deny the factual allegations and legal conclusions in Paragraphs 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, and 107.

38. The School District Defendants deny that the School District caused Plaintiff any harm or damages as alleged in Paragraph 108 and subparts (a) through (f) of the First Amended Petition.

## THIRD CAUSE OF ACTION
### Gross Negligence
### Against Defendants Myers, Nall, Patterson, and Eaton, only

39. In response to Paragraph 109 of the First Amended Petition, the School District Defendants reallege and reincorporate all of their previous answers as if fully set forth herein.

40. In response to Paragraphs 110, 111, 112, 113, 114, and 115 of the First Amended Petition, the School District Defendants deny the factual allegations and legal conclusions in Paragraphs 110, 111, 112, 113, 114, and 115.

41. The School District Defendants deny that the School District Defendants caused Plaintiff any harm or damages as alleged in Paragraph 116 and subparts (a) through (f) of the First Amended Petition.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### Against Defendants Myers, Nall, Patterson, and Eaton, only

42. In response to Paragraph 117 of the First Amended Petition, the School District Defendants reallege and reincorporate all of their previous answers as if fully set forth herein.

43. In response to Paragraphs 118, 119, 120, 121, 122, 123, 124, and 125 of the First Amended Petition, the School District Defendants deny the factual allegations and legal conclusions in Paragraphs 118, 119, 120, 121, 122, 123, 124, and 125.

44. The School District Defendants deny that the School District Defendants caused Plaintiff any harm or damages as alleged in Paragraph 126 and subparts (a) through (f) of the First Amended Petition.

**FIFTH CAUSE OF ACTION**
**42 U.S.C. § 1983**
**Against Defendants Myers, Nall, Patterson, and Eaton, only**

45. In response to Paragraph 127 of the First Amended Petition, the School District Defendants reallege and reincorporate all of their previous answers as if fully set forth herein.

46. In response to Paragraphs 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, and 143 of the First Amended Petition, the School District Defendants deny the factual allegations and legal conclusions in Paragraphs 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, and 143.

47. The School District Defendants deny that the School District Defendants caused Plaintiff any harm or damages as alleged in Paragraph 144 and subparts (a) through (f) of the First Amended Petition.

**AFFIRMATIVE DEFENSES**

Pleading further and alternatively by way of affirmative defense, the School District Defendants allege:

1. Plaintiff's First Amended Petition fails to state a claim upon which relief can be granted.

2. To the extend, Plaintiff has failed to comply with any applicable statute of limitations his claims are barred.

3. Plaintiff is prohibited from seeking an award of punitive damages.

4. The School District Defendants assert that Plaintiff has failed to establish he has suffered a recognized deprivation.

5. Plaintiff has failed to establish that a School District established custom, policy or practice was the moving force behind any alleged deprivation.

6. Plaintiff has failed to establish that any alleged custom, policy or practice was the result of a decision by the School District's final policymaker-its Board of Education.

7. Plaintiff has failed to establish that any School District employee was deliberately indifferent toward his rights or that the School District was on actual notice of his complaints.

8. Plaintiff has failed to establish that any conduct by the School District Defendants rises to a level sufficient to "shock the conscience."

9. The School District Defendants have not breached any duty owed to Plaintiff.

10. The School District Defendants' acts or omissions were not the proximate cause of Plaintiff's injuries, if any.

11. To the extent the Plaintiff failed to comply with the notice provisions of Oklahoma's Governmental Tort Claims Act his state law claims are barred.

12. The School District is immune from liability to Plaintiff for any actions or injuries caused by persons other than employees of the School District acting within the scope of their employment. OKLA. STAT. tit. 51, § 153.

13. The School District is immune from any action based on acts or omissions performed in conformance with current recognized standards. OKLA. STAT. tit. 51, § 155(29).

14. The School District is immune from any action based on the performance of or the failure to exercise or perform any act or service which is in the discretion of the School District or its employees. OKLA. STAT. tit. 51, § 155(5).

15. The injuries alleged in Plaintiff's First Amended Petition, if any, were the result of an intervening or superseding cause and were unforeseeable.

16. The School District Defendants acted appropriately at all relevant times and in conformance with all applicable laws regarding the allegations raised by the Plaintiff.

17. The damages that may be awarded against the School District for any violation of state tort law are capped by Oklahoma's Governmental Tort Claims Act at $125,000.

18. To the extent Plaintiff has failed to mitigate his alleged damages the School District Defendants are not liable.

19. Plaintiff has failed to establish that a school official, having the authority to address unlawful discrimination and the power to take corrective measures, had actual notice or knowledge of the harm for which Plaintiff seeks damages and failed to take adequate action to end it.

20. The School District Defendants at all times acted in good faith and in conformance with its obligations under state and federal law.

21. Pursuant to Oklahoma Law, liability of the School District Defendants "shall be several from that of any other person or entity" and the School District Defendants "shall only be liable for that percentage of total damages as corresponds to its percentage of total negligence."

22. The School District is exempt from liability for legislative, judicial, quasi-judicial, or prosecutorial functions.

23. The School District is exempt from liability for adoption or the enforcement of or failure to adopt or enforce a policy.

24. The School District is exempt from liability for any claim or action based upon a theory of indemnification or subrogation.

25. The School District is exempt from liability for any claim based upon an act or omission of a School District employee in the placement of a child.

26. Myers, Patterson, and Eaton are immune from liability pursuant to the Oklahoma Governmental Tort Claims Act as employees acting within the scope of their employment.

27. Myers, Patterson, and Eaton are entitled to qualified immunity.

28. Myers, Patterson, and Eaton are not proper parties to this litigation.

29. The School District is not liable on a theory of *respondeat superior* for actions and conduct by an employee outside the scope of employment.

30. The School District Defendants reserve the right to supplement or amend its list of affirmative defenses at any time in the future.

31. THE SCHOOL DISTRICT DEFENDANTS DEMAND TRIAL BY JURY.

**Respectfully submitted,**

**ROSENSTEIN, FIST & RINGOLD**

**By:** _____
**John E. Priddy, OBA No. 13604**
**Brian J. Kuester, OBA No. 18753**
**Emily C. Krukowski, OBA No. 32038**
**525 South Main, Suite 700**
**Tulsa, OK 74103**
**Telephone: (918) 585-9211**
**Facsimile: (918) 583-5617**
**johnp@rfrlaw.com**
**bkuester@rfrlaw.com**
**ekrukowski@rfrlaw.com**

*Attorneys for the*
*School District Defendants*

**CERTIFICATE OF DELIVERY**

☒ I hereby certify that on February 7, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants, to:

Cameron Spradling
Attorney & Counselor at Law
500 North Walker Ave., Suite 140
Oklahoma City, Oklahoma 73102
cameron@cameronspradling.com

Attorney for the Plaintiff

☐ I hereby certify that on _____ ___, 2022, I served the attached document by United States Certified Mail, Return Receipt Requested on the following, who are not registered participants of the ECF System:

*s/John E. Priddy*
John E. Priddy