## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOHN DOE NO. 1,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-089-G** |
| | ) | |
| **KINGFISHER INDEPENDENT** | ) | |
| **SCHOOL DISTRICT NO. 7 OF** | ) | |
| **KINGFISHER COUNTY,** | ) | |
| **OKLAHOMA,** | ) | |
| **a/k/a KINGFISHER SCHOOL** | ) | |
| **DISTRICT,** | ) | |
| **a/k/a KINGFISHER PUBLIC** | ) | |
| **SCHOOLS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AGREED PROTECTIVE ORDER

Now before the Court is a Joint Motion for Protective Order (Doc. No. 31).  The

parties to this action, John Doe No. 1, (the "Plaintiff"), Independent School District 7 of

Kingfisher County, Oklahoma, commonly known as Kingfisher Public Schools (the

"School District"), Jeff Myers, in his individual capacity ("Myers"), Derek Patterson, in

his individual capacity ("Patterson"), and Blake Eaton, in his individual capacity ("Eaton")

(collectively referred to as the "School District Defendants") and Micah Nall, in his

individual capacity ("Nall") are collectively referred to as "Parties" or individually as

"Party") have or will engage in discovery and participate in motion practice, hearings and

other activities to prepare this case for trial.  The Parties represent that some of the

discovery requests and other activities will necessarily involve confidential information,

personally identifiable information of individual students, including, but not limited to

student records and/or other student information, law enforcement investigation records, records contained in the personnel files of the School District, medical and psychological records.  As a result, all Parties request that a protective order be entered in this matter. Therefore, the Court GRANTS the Joint Motion for Protective Order (Doc. No. 31).

The Court, having found that the Parties have agreed to entry of a protective order, hereby orders as follows:

1.     The purpose of this Order is to protect the following records from unwarranted or unnecessary disclosure:

a.     Personnel Records.  Records contained in or in way considered to be, to make up or to be part of the personnel files of the School District or any other district and produced by the School District or any other district, employee, former employee or others in response to discovery requests or otherwise as part of this litigation.

b.     Student records.  Any production of student education records, whether the student is a party to this action or not, must comply with the Family Educational Rights and Privacy Act ("FERPA") 20 U.S.C. § 1232g.  Under the requirements of FERPA, notice must be given to the student and/or parents or guardian of the student that student records have been requested and will be produced pursuant to the Protective Order.  The student and/or parent or guardian will be given a reasonable amount of time, up to five business days, to file an objection to said production of student records with the Court. If no objection is made within the stated time period, the student records will be produced pursuant to the Protective Order.  Should an objection be received, counsel for the School District will promptly notify counsel for the other parties of this action of the objection, and the Confidential Records of the student will not be released until further order of the Court.

c.     Medical, psychological and other confidential records. Any other information or documentation which is produced by any party or third party in response to discovery requests or

otherwise as part of this litigation and which the producing party believes in good faith is confidential in nature and should not be disclosed to the public.

d.   Law Enforcement Investigation Records.   Investigation materials of any kind, nature or form, created, produced, generated, obtained or accumulated by any investigating branch or subdivision of government, including but not limited to:   OSBI, Kingfisher Police Department, and any District Attorney's office.

2.      Parties and non-party producers of information shall designate any such documents, information, or materials as "Confidential" (such documents, information or materials will hereafter be referred to as "Confidential Records"). The designation of Confidential Records shall be made by placing or affixing a cover sheet on the material which shall read as follows:

**"CONFIDENTIAL"**

**"IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THE COURT, THIS MATERIAL SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO ANY PERSON OTHER THAN THE ATTORNEYS AND THEIR RELEVANT EMPLOYEES AND STAFF MEMBERS REPRESENTING THE PARTIES TO THIS LITIGATION."**

3.      The producing party's designation of Confidential Records shall be made prior to, or contemporaneously with, the production or disclosure of those records.  Non-producing parties retain the right to designate produced information as Confidential.

4.      Material or information designated as Confidential Records under this Protective Order shall not be used or disclosed by any party to this action for any purpose whatsoever other than for the preparation for, and trial of, this action and any appeal therein.

5.      Parties and their legal counsel who obtain Confidential Records under this Protective Order shall not disclose or permit disclosure of this material or information to any person or entity, including without limitation any employee, agent, or representative of that party, other than the party's counsel, except in the following circumstances:

      a.     Disclosure may be made to parties and employees of a party's counsel who have direct functional responsibility for the preparation and trial of this action or any appeal therein.  Any employee to whom disclosure is made shall be advised of and become subject to the provisions of this Protective Order requiring that the Confidential Records be held in confidence.

      b.     Disclosure may be made to any consultant or expert ("Expert") employed by any party for the purpose of assisting counsel in the preparation for and trial of this litigation.  Prior to disclosure to any Expert, the Expert must agree to be bound by the terms of this Protective Order by executing the Confidentiality Agreement annexed hereto as Exhibit A ("Agreement").

      c.     Disclosures may be made to anticipated fact witnesses upon receipt of an acknowledgement regarding the confidential nature of the documents, an agreement against subsequent disclosure or publication, and signature on the Agreement.

6.      The Parties may submit to the Court any dispute in connection with disclosure of Confidential Records.

7.      When material or information designated confidential under this Protective Order is incorporated into the transcript of a deposition, including exhibits thereto, counsel for the party that has made the Confidential Records part of the deposition and counsel objecting to its admission due to it being a Confidential Record, shall make arrangements with the reporter attending and transcribing the deposition to bind the confidential portions of

the transcript separately and label each such portion according to the instructions contained in Paragraph No. 2 of this Order.

8.      All depositions in this action at which it is anticipated that material or information designated confidential under this Protective Order is to be produced or discussed shall be held in the presence only of the deponent, officers of the Court, including the reporter, the Parties and/or their representatives, and persons designated in Paragraph 5 above.

9.      This Order shall extend Leave of Court to any party seeking to use any document or information that has been designated "Confidential" as an exhibit to any pleading, brief or other court filing to electronically file said exhibit that contains "Confidential" information under seal. Any such exhibit which is electronically filed under seal shall be electronically filed under seal in accordance with the Filing and Viewing Civil Sealed/Ex Parte Documents Submitted Sealed Proposed Orders instructions, effective May 1, 2015, located on the website for the United States District Court for the Western District of Oklahoma. Pursuant to Section III(A) of the United States District Court, Western District of Oklahoma, Electronic Filing Policies and Manual, only those portions of a document that must be filed under seal should be electronically filed under seal. If, however, a party files a brief, pleading or other court filing which contains substantial argument or information about that information which has been designated "Confidential," that party may either:

> a.    Redact all such personal identifier information, "Confidential" information or reference to information which has been designated "Confidential," and file a separate, unredacted version of the brief, pleading or other court filing in accordance with this Paragraph 11; Section III(A) of the United States

> District Court, Western District of Oklahoma, Electronic Filing
> Policies and Procedures Manual; and the Filing and Viewing
> Civil Sealed/Ex Parte Documents Submitted Sealed Proposed
> Orders instructions, effective May 1, 2015, located on the
> website for the United States District Court for the Western
> District of Oklahoma, or

> b.      that party may, by separate motion, seek Leave of Court to file
> the entire brief, pleading or other court filing under seal.

10.     Excluding depositions, prior to offering into evidence any documents, exhibits, or other materials that reveal, may reveal, or may tend to reveal Confidential Records, the evidence shall be submitted *in camera* for the Court's review before disclosure of the evidence.

11.     Nothing contained herein shall prohibit any Party or producing non-parties from seeking further provisions regarding confidentiality as it may deem necessary and desirable.

12.     Nothing contained herein shall preclude the Parties or producing non-parties from voluntarily waiving the confidentiality of any document or information previously designated as confidential, if legally appropriate.

13.     A Party may, at any time, make a good faith challenge to the propriety of a Confidential Records designation.  In the event a Party objects to the designation of any material under this Order, the objecting Party shall consult with the designating party to attempt to resolve their differences.  If the Parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, the objecting Party may apply to the Court for a ruling that the material shall not be so designated.  If such a motion is made, the designating Party or producing non-party has the burden of

establishing that the designation is proper.  If no such motion is made, the material will retain its designation.  Any documents or other materials that have been designated "CONFIDENTIAL" shall be treated as Confidential until such time as the Court rules that such materials should not be treated as Confidential.

14.     Material or information claimed to be Confidential Records that is subject to a dispute as to whether it is in fact Confidential Records shall, until further order of the Court, be treated as Confidential Records in accordance with the provisions of this Protective Order.

15.     Confidential Records may only be used in this litigation for purposes that are related to this litigation and any appeals therefrom, and such records shall not be used for any other purposes, including business, governmental, commercial, or administrative or other judicial proceedings absent an order of the Court authorizing such use.  Confidential Records or any part of their content shall not be released to anyone who is not authorized to review the Confidential Records under this Protective Order.

16.     At the conclusion of this case, through settlement or otherwise, each Party shall destroy those records designated as Confidential Records which were received pursuant to the terms of this Protective Order.  No copies may be retained for any purpose.

17.     Parties, by furnishing Confidential Records pursuant to the Protective Order, shall not be considered to have waived any right to object upon any ground to the use or introduction of any such records or the information contained therein into evidence during the proceedings before this Court.

IT IS SO ORDERED this 28th day of June, 2022

CHARLES B. GOODWIN
United States District Judge

**EXHIBIT "A"**
**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOHN DOE NO. 1,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-089-G** |
| | ) | |
| **KINGFISHER INDEPENDENT** | ) | |
| **SCHOOL DISTRICT NO. 7 OF** | ) | |
| **KINGFISHER COUNTY,** | ) | |
| **OKLAHOMA,** | ) | |
| **a/k/a KINGFISHER SCHOOL** | ) | |
| **DISTRICT,** | ) | |
| **a/k/a KINGFISHER PUBLIC** | ) | |
| **SCHOOLS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the Protective Order filed in the above-entitled matter. The undersigned further states that he/she understands the terms of the foregoing Protective Order and agrees, upon threat of penalty of contempt, to be bound by such terms.

_____
Date

_____
Signature

_____
Printed Name