## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOHN DOE NO. 1,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-089-G** |
| | ) | |
| **KINGFISHER INDEPENDENT** | ) | |
| **SCHOOL DISTRICT NO. 7 OF** | ) | |
| **KINGFISHER COUNTY,** | ) | |
| **OKLAHOMA,** | ) | |
| **a/k/a KINGFISHER SCHOOL** | ) | |
| **DISTRICT,** | ) | |
| **a/k/a KINGFISHER PUBLIC** | ) | |
| **SCHOOLS et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Now before the Court is Plaintiff John Doe No. 1's Motion to Proceed Anonymously (Doc. No. 18), seeking leave to proceed in this action under the pseudonym John Doe No. 1. Defendants Kingfisher Independent School District No. 7 of Kingfisher County ("School District"), Blake Eaton, Jeff Myers, and Derek Patterson (collectively the "School District Defendants") have filed a Response in Opposition (Doc. No. 24). Defendant Micah Nall has also filed a Response (Doc. No. 25), adopting and incorporating the legal arguments and authority set out in the School District Defendants' Response. Having reviewed the parties' filings, the Court denies Plaintiff's Motion.

*I.    Background*

Plaintiff initiated this lawsuit in the District Court of Kingfisher County, Oklahoma, and filed the operative pleading in this action, the First Amended Petition, on January 12,

2022.  *See* First Am. Pet. (Doc. No. 1-4).  This action was then removed to federal court on January 31, 2022.  *See* Notice of Removal (Doc. No. 1).

Plaintiff's First Amended Petition alleges that Defendants maintained an abusive culture within the Kingfisher Highschool Football program and states claims for violation of 42 U.S.C § 1983, violation of Title IX of the Education Amendments Act of 1972, gross negligence under Oklahoma Common Law, and intentional infliction of emotional distress under Oklahoma Common Law.  *See* First Am. Pet. at ¶¶73-144.  Plaintiff now seeks leave of the Court to proceed in this action under the pseudonym John Doe No. 1.  *See* Pl.'s Mot. at 1.

## II.     Applicable Standards

"Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure."  *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotation marks omitted).  "The Federal Rules of Civil Procedure make no provision for suits by persons using fictitious names or for anonymous plaintiffs."  *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249 (10th Cir. 2017) (internal quotation marks omitted); *see* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest.").

The Tenth Circuit has recognized that "there may be exceptional circumstances warranting some form of anonymity in judicial proceedings," however.  *Femedeer*, 227 F.3d at 1246.  Therefore, upon a request to proceed anonymously, a court may permit a plaintiff to proceed using a fictious name in limited circumstances.  *See United States ex*

*rel. Little*, 870 F.3d at 1249.  "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness."  *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005) Exceptional circumstances warranting anonymity may exist in "cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

III.    Discussion

Plaintiff argues that anonymity is warranted in this case for the following reasons: (1) Plaintiff is challenging governmental activity, (2) Plaintiff will be required to disclose personal and intimate information, (3) Plaintiff would risk suffering injury if identified, (4) the interests of children are at stake, and (5) there is no other measure available to protect Plaintiff's privacy interests.  *See* Pl.'s Mot. at 3, 5-12.  Defendants argue that the Court should deny Plaintiff's Motion, contending that the relevant considerations weigh against allowing Plaintiff to proceed anonymously.  *See* Defs.' Resp. at 5-12.

Having considered the information presented, as well as the arguments and authorities submitted by counsel, the Court concludes that this case does not present exceptional circumstances warranting anonymity for Plaintiff in these proceedings.

With respect to Plaintiff's contention that he is challenging governmental activity, Plaintiff has not shown facts establishing that suing a governmental entity would in this instance create (or heighten) a risk of harm to Plaintiff.  "The simple fact that [a] plaintiff

sues a governmental entity does not give the court more reason to grant [his] request for anonymity." *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012).

As to Plaintiff's second contention – that information at issue in this case would be embarrassing to him if disclosed – the Court is sympathetic to that concern. In particular, the Court acknowledges the feelings of shame and other discomfort that may result from disclosure of facts involving sexual harassment and sexual assault, both of which are alleged here. That is not the end of the inquiry, though. "The risk that a plaintiff may suffer some embarrassment is insufficient to permit anonymity." *Raiser*, 127 F. App'x at 411. Our system of law places great importance on disputes being resolved publicly as a means of ensuring the fairness of the process employed in resolving those disputes and, ultimately, the resolutions themselves. Thus, the question is whether the embarrassment that would be caused by disclosure of information relevant to Plaintiff's claims and Defendants' defenses is so great that it overcomes the public interest in public proceedings. *See Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007) (denying a victim of sexual assault leave to proceed under a pseudonym). Here, the Court finds that the potential for embarrassment does not rise to that level.

The Court also finds that Plaintiff's third contention – that disclosure presents a risk of personal injury beyond mere embarrassment – is not supported under the present record. "A plaintiff seeking to proceed under a pseudonym must typically show that disclosure of his identity in the public record would reveal highly sensitive and personal information that would result in a social stigma or the threat of real and imminent physical harm." *Raiser*, 127 F. App'x at 411. Plaintiff contends that he would suffer harm in the form of hazing

from his fraternity and "injury" from the people in Kingfisher if he were identified.  Pl.'s Mot. at 11.  But it is far from clear that those communities would react in the way Plaintiff fears.  As support of his concern of personal injury, Plaintiff cites threats and abusive language from other football players during his time on the Kingfisher Highschool Football Team.  *See id.* (citing First Am. Pet. (Doc. No. 1-4) ¶¶ 60, 61).  The abusive language cited relates to Plaintiff's claims and does not support that Plaintiff would be at risk of real and imminent harm if identified now, however.  The information presented is not sufficient to allow the Court to conclude that there exists here a significant risk of personal injury of the type contemplated in Tenth Circuit authority as warranting the anonymity of litigants.  *Cf. M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998) ("Most of the cases permitting the [use of pseudonyms] have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children." (internal quotation marks omitted)); *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (identifying additional privacy interests that may warrant a party's use of a pseudonym).

With respect to Plaintiff's fourth contention – that the interests of children are at stake in this action – the Court also must disagree, at least as far as the harm that might result if the identity of Plaintiff were disclosed.  John Doe is no longer a minor and is currently attending college.  *See* Pl.'s Mot. at 10.  While John Doe does have two younger brothers who attend Kingfisher High School, neither are parties to this action or are involved in the football program.  *See id.* at 4-5; Defs.' Resp. at 11.  Whether harm might

result from disclosure of the identities of persons other than Plaintiff is a separate question, as is whether steps may reasonably be taken to protect any such risk of harm.

Finally, there are other, lesser procedures available to ameliorate the risk of embarrassment or other harm to Plaintiff from disclosure of any sensitive information involved in this case.  The Agreed Protective Order entered by this Court provides that personnel, student, medical, psychological, and law enforcement investigation records shall be designated confidential and filed under seal.  *See* Agreed Protective Order (Doc. No. 36) at 2-5.  As the case proceeds, the Court will consider other steps requested by Plaintiff and/or Defendant regarding how to lessen any harm from disclosure during pretrial litigation and at trial.

For these reasons, the Court finds that the interest that Plaintiff has in proceeding anonymously does not outweigh the presumption in favor of open court proceedings.  *See Raiser*, 182 F. App'x at 811.

CONCLUSION

Accordingly, Plaintiff's Motion to Proceed Anonymously (Doc. No. 18) is DENIED.  If Plaintiff chooses to continue the prosecution of this lawsuit, Plaintiff shall file a Second Amended Complaint under the name of the real party in interest in this case in compliance with Federal Rule of Civil Procedure 17(a) within seven days of the date of this Order.  The only change in the Second Amended Complaint from the First Amended

Petition (Doc. No. 1-4) shall be Plaintiff's name.  This filing shall be in the nature of a correction and will not prompt any obligation of Defendants to file a responsive pleading.

IT IS SO ORDERED this 11th day of May, 2023.

_____
CHARLES B. GOODWIN
United States District Judge