## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MASON MECKLENBURG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-22-089-G** |
| | ) | |
| **KINGFISHER INDEPENDENT** | ) | |
| **SCHOOL DISTRICT NO. 7 OF** | ) | |
| **KINGFISHER COUNTY,** | ) | |
| **OKLAHOMA,** | ) | |
| **a/k/a KINGFISHER SCHOOL** | ) | |
| **DISTRICT,** | ) | |
| **a/k/a KINGFISHER PUBLIC** | ) | |
| **SCHOOLS et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Now before the Court is an Amended Motion to Quash Subpoena (Doc. No. 157), filed by Independent School District No. 7 of Kingfisher County, Oklahoma, a/k/a Kingfisher School District, Derek Patterson, and Blake Eaton (collectively, the "School District Defendants"). Plaintiff Mason Mecklenburg has submitted a Response in Opposition (Doc. No. 162), the School District Defendants have submitted a Reply (Doc. No. 171), and Plaintiff has submitted a Sur-reply (Doc. No. 174).[1]

---

[1] The School District Defendants have also moved for leave to submit a supplemental brief in response to Plaintiff's Sur-reply. The Court finds that further briefing on this issue is not necessary and therefore DENIES the School District Defendants' Motion for Leave (Doc. No. 185).

I.      *Procedural History*

On July 7, 2023, Plaintiff filed a Notice of Subpoena to the Oklahoma State Bureau of Investigation ("OSBI") (Doc. No. 140).  As relevant to the instant Motion, the proposed subpoena sought "[a]ll communications received from an attorney and/or legal representative of Myers, Nall, Patterson, Eaton, or Kingfisher Public Schools."  Doc. No. 140-1, at 7.  The proposed subpoena was served on the OSBI on July 27, 2023.  *See* Doc. No. 158-1, at 2.

The next day, the School District Defendants filed an Amended Motion to Quash. *See* Defs.' Am. Mot. to Quash (Doc. No. 157).[2]  The School District Defendants argue that the OSBI subpoena should be quashed to the extent that it seeks documents in the OSBI's possession that are protected by attorney-client privilege without identifying any specific documents.  *See id.* at 2-4.

In their Reply, the School District Defendants identify a document in the possession of the OSBI called the 2021-22 Football Timeline (the "Timeline").  *See* Defs.' Reply (Doc. No. 171) at 2.   Defendants represent that the Timeline was "created by a former superintendent of the School District, Dr. Daniel Craig, while he was employed with the School District."  *Id.*  The School District Defendants assert that the 2021-22 Football Timeline "was created as a communication between client and attorney in the furtherance of litigation and within the confines of the attorney-client relationship" and "is privileged in its entirety, both under attorney-client privilege and work product privilege."  *Id.*  In his

---

[2] The School District Defendants' original Motion to Quash was denied for failure to meet and confer with opposing counsel.  *See* Doc. No. 156.

Sur-reply, Plaintiff disputes that the Timeline is privileged or protected work product.  *See*

Pl.'s Sur-reply (Doc. No. 174) at 2-4.

II.    *Applicable Standards*

A court must quash or modify any subpoena that, "requires disclosure of privileged

or other protected matter, if no exception or waiver applies."   Fed. R. Civ. P.

45(d)(3)(A)(iii).  The party "moving to quash a subpoena has the burden to demonstrate

good cause and/or the privilege to be protected."  *Willis v. Progressive Direct Ins. Co*., No.

CV-22-349-SLP, 2023 WL 4305130, at *1 (W.D. Okla. June 30, 2023); *In re Grand Jury*

*Proc.*, 616 F.3d 1172, 1183 (10th Cir. 2010) ("The burden of establishing the applicability

of [the attorney-client] privilege rests on the party seeking to assert it." (internal quotation

marks omitted)); *Chaney v. Indus. Rubber, Inc.*, No. CIV-05-809-C, 2006 WL 8436321, at

*2 (W.D. Okla. Jan. 27, 2006) ("The party asserting the work product privilege has the

burden of showing it applies.").

> Under federal common law, the attorney-client privilege arises (1) where legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) unless the protection is waived.

*Roe v. Cath. Health Initiatives Colo.*, 281 F.R.D. 632, 636 (D. Colo. 2012).  To establish

that a document is protected work product, the moving party "must show that (1) the

materials sought to be protected are documents or tangible things; (2) they were prepared

in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a

3

representative of that party." *AKH Co. v. Universal Underwriters Ins. Co.*, 300 F.R.D. 684, 688 (D. Kan. 2014) (internal quotation marks omitted); Fed. R. Civ. P. 26(b)(3)(A)

## II.     Discussion

### A.     Motion to Quash Subpoena Request

The School District Defendants argue that "the OSBI Subpoena, on its face, seeks communications that likely contain attorney-client privileged information" and does not "exempt communication between the defendants and their legal counsel—that otherwise meet the criteria for attorney-client privilege—from disclosure." Defs.' Am. Mot. to Quash at 4.

The party asserting that attorney-client privilege exists bears the burden of demonstrating that privilege "as to specific questions or documents, not by making a blanket claim." *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999).  Here, the School District Defendants fail to make an adequate showing that specific documents in the possession of the OSBI are protected by the attorney-client privilege.  The School District Defendants instead rely on vague, blanket assertions of privilege that are insufficient to carry their burden.  Further, any written correspondence prepared by Defendants' counsel for transmission to the OSBI, a third-party law enforcement agency, would not be protected by Defendants' attorney-client privilege.  *See In re Grand Jury Proc.*, 616 F.3d at 1183 ("A communication by an attorney to a third party or a communication by a third party to an attorney cannot be invoked as privileged.").

The Court finds that the subpoena request at issue does not, on its face, seek privileged or protected material. The Court therefore denies the School District Defendants' general request to quash the subpoena, subject to the discussion below.

### B.    The Timeline

The School District Defendants raise one specific attorney-client privilege issue for the first time in their Reply brief. The School District Defendants represent that the Timeline, a document that was created by the School District's former superintendent for the purpose of this litigation, is in the possession of the OSBI. *See* Defs.' Reply at 2. The School District Defendants state that the Timeline "was created as a communication between client and attorney in the furtherance of litigation and within the confines of the attorney-client relationship" and "is privileged in its entirety, both under attorney-client privilege and work product privilege."[3] *Id.*

Plaintiff argues that the Timeline is not protected by the attorney-client privilege or the work product doctrine because it is simply a recitation of facts and dates. *See* Pl.'s Sur-reply at 3. Specifically, Plaintiff states that the Timeline "is a description of what happened in the Kingfisher football program during the 2021-22 school year—information that is not only relevant, but also is plainly discoverable." *Id.* at 4. Based on the present record, the Court does not find a basis to conclude that the Timeline is protected by the attorney-client privilege. The document, by itself, is not a communication, and the School District

---

[3] The School District Defendants also argue that privilege over the Timeline has not been waived. *See* Defs.' Reply at 3-4. Plaintiff does not assert waiver of any privilege or work protect protection over the Timeline in his Sur-reply, however.

Defendants do not otherwise attempt to establish the elements necessary to assert the attorney-client privilege over this document.

The Court does, however, find that the School District Defendants have made a sufficient showing that the Timeline is protected by the work product doctrine. While the Court agrees that the individual facts and circumstances described in the Timeline may be subject to fact discovery in this case, the Timeline document itself was created at the direction of counsel and prepared in furtherance of this litigation. *See* Defs.' Reply at 2. The Federal Rules of Civil Procedure make clear that the work product protection applies not only to attorney work product, but also to materials prepared by a party representative in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3)(A). The Timeline document is therefore protected from disclosure. *See id.*; *AKH Co.*, 300 F.R.D. at 688.

CONCLUSION

As explained above, the School District Defendant's Amended Motion to Quash (Doc. No. 157) is GRANTED IN PART and DENIED IN PART.

Specifically, the Court declines to quash or modify the subpoena to the extent it seeks communications prepared by Defendants' counsel that were sent to the OSBI. The Court hereby modifies the subpoena to exclude the Timeline document pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii) based on the School District Defendants' assertion of work product protection.

The parties are advised that this Order does not address any potential waiver of applicable privileges or protections through disclosure to third parties.

IT IS SO ORDERED this 29th day of August, 2023.

CHARLES B. GOODWIN
United States District Judge