# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MASON MECKLENBURG,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-089-G |
| | ) |
| **KINGFISHER INDEPENDENT SCHOOL DISTRICT NO. 7 OF KINGFISHER COUNTY, OKLAHOMA,** a/k/a **KINGFISHER SCHOOL DISTRICT,** a/k/a **KINGFISHER PUBLIC SCHOOLS et al.,** | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Non-Party Wrigley Kennedy's ("Kennedy") Notice of Objection to Disclosure of Education Records (Doc. No. 61), seeking a protective order prohibiting the disclosure of any student or education record of or referring to Mr. Kennedy. Plaintiff Mason Mecklenburg has submitted a Response in Opposition (Doc. No. 70). Having reviewed the relevant filings, the Court denies Mr. Kennedy's request for protective order.

Mr. Kennedy represents that "[p]ursuant to the Federal Educational Rights and Privacy Act ('FERPA'), the School District has provided Mr. Kennedy notice that its production contains records with his personally identifiable information." Obj. (Doc. No. 61) at 1. Specifically, Mr. Kennedy states that "[u]pon information and belief, the Plaintiff has requested documents from Defendant Kingfisher Independent School District which

will include, inter alia, the name of anyone alleged to have been the victim of bullying, hazing, harassment, physical abuse, sexual abuse, or other abuse or wrongdoing." *Id.* Plaintiff, however, represents that much of the information sought involves disciplinary action taken by or against school employees and is only tangentially related to students. *See* Pl.'s Resp. at 3.

Mr. Kennedy objects to the release of any student or education records in which he is referenced, named, or discussed, arguing that he has "a legitimate expectation that his education and student records remain private and confidential." *See* Obj. at 1-2. Mr. Kennedy has provided no authority, however, supporting the proposition that he may prohibit the production of the information sought under FERPA or otherwise.[1] To the extent Plaintiff is seeking employee files or disciplinary records of a current or former employee, "Congress did not intend FERPA to cover records directly related to teachers and only tangentially related to students." *Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1022 (N.D. Ohio 2004); *see* 20 U.S.C. § 1232g(a)(4)(B)(iii) (the term "education records" does not include, "in the case of persons who are employed by an educational agency or institution but who are not in attendance at such agency or institution, records made and maintained in the normal course of business which relate exclusively to such person in that person's capacity as an employee and are not available for use for any other

---

[1] The cases that Mr. Kennedy cites in support of the application of a balancing test deal with disclosure of police investigative files, not disclosure of student or educational records under FERPA. *See Mangels v. Pena*, 789 F.2d 836, 839 (10th Cir. 1986); *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 437 (10th Cir. 1981).

purpose."). To the extent that Plaintiff is seeking any of Mr. Kennedy's student records, which is unclear from the submissions before the Court, any student or personnel records produced during discovery are deemed confidential and subject to restrictions regarding disclosure under the parties' Agreed Protective Order. *See* Agreed Protective Order (Doc. No. 36) at 2-4.

For these reasons, Non-Party Wrigley Kennedy's request for protective order prohibiting the disclosure of any student or education record of or referring to Mr. Kennedy is DENIED. The Court clarifies that this Order does not otherwise address the relevance of any requested documents or whether Defendant Kingfisher Independent School District may be limited or restricted from producing any documents under FERPA.

IT IS SO ORDERED this 29th day of September, 2023.

CHARLES B. GOODWIN
United States District Judge